**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| JOSHUA BILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-784-NKL |
| | ) | |
| JORDAN M. NELSON | ) | |
| | ) | |
| Defendant. | ) | |

# ANSWER OF DEFENDANT JORDAN M. NELSON

Defendant Jordan M. Nelson, by and through counsel, submits this Answer to Plaintiff's Complaint.

1. The allegations contained in this paragraph are legal conclusions requiring no response. To the extent a response is required, Defendant denies the allegations contained in this paragraph. All factual allegations are expressly denied.

## *Jurisdiction and Venue*

2. The allegations contained in this paragraph are legal conclusions requiring no response. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

3. The allegations contained in this paragraph are legal conclusions requiring no response. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

4. The allegations contained in this paragraph are legal conclusions requiring no response. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

### *Parties*

5. Defendant admits the allegations in this paragraph.

6. Defendant admits that he was employed by the Kansas City, Missouri Police Department. The capacity in which he is sued is a legal conclusion not requiring a response; to the extent a response is required, denied.

7. The allegations contained in this paragraph are legal conclusions requiring no response. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

### *Facts*

8. Defendant admits the allegations in this paragraph.

9. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same.

10. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same.

11. Defendant is without sufficient information or knowledge to

admit or deny the allegations contained in this paragraph, and therefore denies the same.

12. Defendant denies the allegations in this paragraph.

13. Defendant denies the allegations in this paragraph.

14. Defendant denies the allegations in this paragraph.

15. Defendant denies the allegations in this paragraph.

16. Defendant denies the allegations in this paragraph.

17. Defendant denies the allegations in this paragraph.

18. Defendant denies the allegations in this paragraph.

19. Defendant denies the allegations in this paragraph.

20. Defendant denies the allegations in this paragraph.

21. Defendant denies the allegations in this paragraph.

***COUNT I: 42 U.S.C.§ 1983 Excessive Force***

22. Defendant incorporates by reference as though fully set forth herein the preceding allegations and denials.

23. The allegations contained in this paragraph are legal conclusions requiring no response. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

24. The allegations contained in this paragraph are legal conclusions requiring no response. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

25. Defendant denies the allegations in this paragraph.

26. Defendant denies the allegations in this paragraph.

27. Defendant denies the allegations in this paragraph.

28. The allegations contained in this paragraph are legal conclusions requiring no response. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

29. Defendant denies the allegations in this paragraph.

Defendant denies that Plaintiff is entitled to any relief requested in Plaintiff's prayer for relief following paragraph 28.

Defendant requests a jury trial in this matter.

**DEFENSES**

1. Any injuries or damages allegedly suffered by Plaintiff are solely and proximately caused by the negligence and carelessness of Plaintiff, and therefore Plaintiff is not entitled to recover against Defendant, in that plaintiff failed to follow Defendant's lawful instructions. Plaintiff consented to the actions taken by the Defendant by refusing to obey lawful orders, and therefore his claims are barred. Defendant used no more force than reasonably necessary.

2. Defendant is protected from suit by the doctrine of qualified immunity in that his actions relating to Plaintiff were objectively reasonable, performed in good faith, and did not violate any clearly established rights of Plaintiff.

3. Plaintiff's damages are limited to that amount allowed by statutory provisions, and any such request or award beyond those provisions must be set aside and denied.

4. If Plaintiff sustained damages as alleged, and it is determined that Defendant was at fault in any way, which Defendant specifically denies, and Plaintiff receives any settlement from any person, party or entity believed to be responsible for the occurrence described in the Complaint, Defendant is entitled to a credit as a reduction of and/or set off to any judgment against them for the amount of all good faith settlements. Defendant further reserves the right to challenge any settlement on the basis it was not made in good faith, is not reasonable, and is otherwise not enforceable.

5. Plaintiff failed to mitigate any damages alleged in his Complaint, which Defendant specifically denies, in one or more of the following respects:

a. Failing to avoid unnecessary medical expenses; and/or

b. Failing to terminate and/or cease medical treatment after fully recovering from his alleged damages including humiliation, insult, embarrassment, mental distress, and emotional pain and suffering; and/or

c. Failing to elect the most economic medical care and/or treatment; and/or

d. Failing to properly follow medical instructions; and/or

e. Any additional acts or omissions of plaintiff that may develop through investigation and discovery.

6. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

7. Defendant affirmatively states that Defendant had probable cause to arrest Plaintiff.

8. Defendant incorporates by reference each and every other additional affirmative defense that may be uncovered or made known during his defense of this lawsuit. Defendant specifically reserves the right to amend this answer to include additional affirmative defenses as they are discovered.

WHEREFORE, having fully answered, Defendant requests that this Court dismiss this action with prejudice, assess costs against the Plaintiff, and for such other relief as is just and necessary.

Respectfully submitted,

**JOSHUA D. HAWLEY**
Attorney General of Missouri

*/s / Caleb Wagner*
**CALEB WAGNER**
Mo. Bar No. 68458
**DIANE PETERS**
Mo. Bar No. 54784
Assistant Attorneys General
Mo. Bar No. 68458
615 E. 13th Street, Suite 401
Kansas City, MO 64106

Phone: (816) 889-2241
Fax: (816) 889-5006
caleb.wagner@ago.mo.go
diane.peters@ago.mo.gov
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed on November 9, 2018, and a copy was sent via U.S. mail, postage prepaid, to the following:

ANTHONY E. ROTHERT, #44827
JESSIE STEFFAN, #64861
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 652-3114
Fax: (314) 652-3112
trothert@aclu-mo.org
jsteffan@aclu-mo.org

GILLIAN R. WILCOX, #61278
ACLU of Missouri Foundation
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

TOM PORTO, #59716
The Popham Law Firm
712 Broadway, Suite 100
Kansas City, Missouri 64105
Phone: (816) 512-2617
tporto@pophamlaw.com

*Attorneys for Plaintiff*